# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **ROBERT CURRY, SR.,** | : | **CIVIL ACTION** |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | No. 13-5571 |
|  | : |  |
| **KUNZLER AND COMPANY, INC.,** | : |  |
| Defendant. | : |  |

## M E M O R A N D U M

**Stengel, J.**                                                                                          **August 19, 2015**

This is an employment discrimination case based on race. The plaintiff claims his former employer terminated him in violation of Title VII, 42 U.S.C. §1981, and the Pennsylvania Human Rights Act (PHRA). For the reasons stated below, I will dismiss this action *sua sponte* for failure to prosecute.

## I.    PROCEDURAL HISTORY

Plaintiff Robert Curry filed this action against Kunzler & Company, Inc. on September 24, 2013.[1] Mr. Curry, a black male, began working for Kunzler & Company on April 25, 2000.[2] Kunzler is a food manufacturing company operating in Lancaster County, Pennsylvania.[3] On April 15, 2013, Mr. Curry was terminated for engaging in "threatening and intimidating behavior toward another employee."[4]

---

[1] Doc. No. 1.

[2] Compl., Doc. No. 1 at ¶¶ 5, 7.

[3] Id. at ¶ 6.

[4] Doc. No. 14, Ex. C.

The defendant answered the complaint.[5] After a Rule 16 conference on January 17, 2014, the court issued a Scheduling Order requiring discovery to be completed by September 17, 2014.[6] The defendant issued written discovery, including a Request for Admissions, to the plaintiff on May 7, 2014. The plaintiff failed to respond to Defendant's Request for Production of Documents and Interrogatories, and failed to respond, as required by the Federal Rules of Civil Procedure, to Defendant's Requests for Admissions.

On August 26, 2014, plaintiff's counsel filed a Motion to Withdraw because his client refused to cooperate in the defense of his case.[7] At a telephone conference with counsel for the parties and the court held on September 9, 2014, plaintiff's counsel informed the court that his client did not approve of his handling the case and had indicated he no longer wanted counsel to represent him. On September 22, 2014, the court granted counsel's request for withdrawal and gave the plaintiff sixty (60) days to retain new counsel.[8] Discovery was stayed during this time period.[9] The plaintiff was ordered to inform the court to if he planned to proceed *pro se*, if he did not retain counsel at the end of this timeframe.[10] The plaintiff was mailed a copy of this Order at his last

---

[5] Doc. No. 2.

[6] Doc. No. 8.

[7] Doc. No. 18.

[8] Doc. No. 20.

[9] Id.

[10] Id.

known address. No counsel entered an appearance for Mr. Curry, and Mr. Curry did not inform the court of his intent to proceed *pro se*.

On December 18, 2014, the defendant filed a Motion to Compel Discovery and requested that the court deem the defendant's Request for Admissions as admitted.[11] The court granted the defendant's Motion on January 14, 2015 and ordered the plaintiff to respond to discovery requests by January 28, 2015.[12] The Order specifically stated that the plaintiff's failure to respond to the Request for Admissions would deem them admitted pursuant to Fed. R. Civ. P. 36(a)(3).[13] The plaintiff was mailed a copy of this Order at his last known address.

The plaintiff did not respond to any of the defendant's discovery requests, including defendant's Request for Admissions. The defendant asks that the statements outlined in the Request for Admissions be considered admissions. I will consider those statements to be admissions and as evidence to consider for this motion.

The defendant moved for summary judgment on May 7, 2015.[14] The plaintiff did not file a response. On July 30, 2015, the court entered an Order for the plaintiff to show cause why his case should not be dismissed for failure to prosecute. He was ordered to contact the court by August 14, 2015, to indicate his intent to proceed with this case.[15] He

---

[11] Doc. No. 21.

[12] Doc. No. 22.

[13] Doc. No. 22.

[14] I did not find it appropriate to rule on the motion for summary judgment without a response from the plaintiff. Certain allegations in the plaintiff's complaint raised questions about the defendant's rendering of the facts related to the motion for summary judgment.

[15] As is typical court procedure, the Clerk's Office mailed the plaintiff a copy of this Order. My Chambers also

failed to do so. The plaintiff has not had any contact with this court in over a year.

## II.     DISCUSSION[16]

"[D]istrict courts have inherent power to dismiss *sua sponte* for failure to prosecute…without affording notice of its intention to do so…" Reshard v. Lankenau Hosp., No. 06-3170, 256 Fed.Appx. 506, 507 (3d Cir. Nov. 29, 2007)(citing and quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630–31 (1962))(quotation marks omitted).

When considering whether to dismiss a case *sua sponte*, district courts should consider the factors outlined in Poulis v. State Farm Fire and Cas. Co.: (1) the extent of the plaintiff's personal responsibility; (2) the prejudice to the defendant caused by the failure of the plaintiff meeting scheduling orders and responding to discovery; (3) a history of dilatoriness; (4) whether the conduct of the plaintiff was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Briscoe v. Klaus, 538 F.3d 252 (2008)(citing Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (1984))(emphasis in original).

Under Poulis, dismissal is warranted. The plaintiff's case has not progressed because of the plaintiff's own failure to prosecute his case. The plaintiff has not had contact with this court in over a year. After firing his attorney, the plaintiff was instructed

---

mailed the plaintiff a copy of the Order to his last known address, to ensure that he was notified of the possible dismissal of his action.

[16] This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, and 42 U.S.C. § 2000, et seq., and 28 U.S.C. § 1367 (a). Venue is appropriate in this district because the defendant is located in this district and the activities complained of occurred in this district. See 28 U.S.C. § 1391 (b)(1) and (2). The plaintiff exhausted available administrative remedies. See Compl., Doc. No. 1 at ¶¶ 1, 11.

to notify the court whether he planned to proceed *pro se* with his case by the end of November 2014. See Doc. No. 20. The plaintiff was mailed a copy of this Order by my chambers at his last known address. He failed to contact the court or to retain new counsel. The plaintiff has failed to respond to discovery requests both while represented (as explained by this attorney) and while he has been *pro se*. He also did not respond to a motion to compel discovery entered on January 14, 2015. See Doc. No. 22. This Order was mailed to the plaintiff. On May 7, 2015, the defendant filed a motion for summary judgment. This motion was mailed to the plaintiff. The plaintiff did not file a response. On July 30, 2015, I gave the plaintiff one last opportunity to explain why he has not prosecuted his case. He failed again to contact the court. Given these facts, I find that factors one and three favor dismissal.

    In addition, the plaintiff's failure to meet scheduling deadlines and comply with written discovery requests has prejudiced the defendant. This case was filed almost two years ago. Discovery was set to end last September. The plaintiff has been unresponsive for over a year. The defendant has made numerous attempts to move this case towards resolution, either through settlement or by court judgment, and the plaintiff has not responded to any of these communications. As a result, the defendant has not received written discovery from the plaintiff nor been able to depose him. The second factor also weighs in favor of dismissal.

    I cannot determine whether factor four weighs in favor of dismissal or against it. The plaintiff has failed to explain his unresponsiveness. For the same reason, factor five weighs in favor of dismissal. Given that the plaintiff has been given several chances to

notify the court of his intent to proceed with his case, I see no other way to sanction the plaintiff for his lack of diligence than to dismiss this action.

Lastly, the plaintiff's complaint includes claims that may be meritorious. The defendant has also put forth evidence that it had a legitimate reason for terminating the plaintiff's employment. This reason may be "pretext," but the plaintiff has not put forth such evidence, as is his burden. For this reason, factor six weighs in favor of dismissal.

### III.   CONCLUSION

For the foregoing reasons, the Poulis factors weigh in favor of the dismissal of the plaintiff's action. This case will be dismissed for failure to prosecute.

An appropriate Order follows.